CHIEF JUSTICE TURNAGE
delivered the Opinion of the Court.
Dale Duane Link alleges that the City of Lewistown failed to hire him as a firefighter in violation of the Montana Human Rights Act and the Governmental Code of Fair Practices. The District Court for the Tenth Judicial District, Fergus County, granted partial summary judgment for the City. We reverse.
The issue is whether the District Court erred in ruling that, as a matter of law, § 7-33-4107, MCA, prohibits the City from hiring as a full-time firefighter an applicant over thirty-four years of age who had been serving as a part-paid firefighter and member of the Firefighters’ Unified Retirement System for the City since before he was thirty-four years of age.
Dale Duane Link began working as a part-paid firefighter for the City of Lewistown in 1981. Under the City’s personnel rules, regulations, and requirements, part-paid firefighters are appointed by the fire chief and must serve a six-month probationary period. They receive a monetary fee for hours or fractions thereof served in fighting fires and in training.
In 1988, Link applied for a position as a fall-time firefighter for the City. The position was not initially publicly advertised because the Fire Chief viewed the pool of qualified applicants to be the part-paid firefighters. Appointment to this position required approval by the Mayor and City Council. After testing and interviews, the Fire Chief sought approval of Link for the full-time position at the regular Lewistown City Council meeting of September 19, 1988.
At the meeting, Council members expressed concern with the *453 interpretation of § 7-33-4107, MCA, which states that firefighters “shall not be more than 34 years of age at the time of original appointment.” The statute does not define “original appointment.” Link had served as a part-paid firefighter since he was thirty-one years old, but he was thirty-nine when he applied for the full-time position. It is undisputed that he met all other qualifications for the job. After discussion, the City Council directed that the full-time position be publicly advertised.
Link contacted an attorney who advised the City Council that a complaint was being filed with the Montana Human Rights Commission. The matter came before the City Council again at its October 17, 1988 meeting. The Fire Chief informed the Council that he had publicly advertised the position and that he still recommended that Link be approved for the position.
After discussion, the Council tabled the matter pending review by the City Attorney. At a meeting the following month, Council members agreed to seek the opinion of the Montana Attorney General on the applicability of the age limitation in § 7-33-4107, MCA.
The effort to obtain an Attorney General opinion was abandoned when Link filed a complaint before the Montana Human Rights Commission in November 1988. In January 1990, that complaint was dismissed and Link was authorized to file a complaint in District Court pursuant to §§ 49-2-509 and 49-3-312, MCA.
Link’s complaint in District Court alleges that the City discriminated against him on the basis of age, political beliefs, and retaliation. The court originally denied cross-motions for summary judgment. However, on the parties’joint request for reconsideration, it granted partial summary judgment to the City on the age discrimination issue. It relied on the City’s argument concerning the effect of the following language in § 7-33-4106, MCA:
The mayor ... shall nominate and, with the consent of the council
or commission, appoint... all firefighters.
The court reasoned that because the Mayor and City Council did not have input into Link’s appointment as a part-paid firefighter, his appointment to that position was not an “original appointment” under § 7-33-4107, MCA. The partial summary judgment was certified to this Court pursuant to Rule 54(b), M.R.Civ.P.
In this case, the ordinances and personnel rules of Lewistown, which were approved by the Mayor and City Council, provide that part-paid firefighters shall be appointed by the Fire Chief. We conclude that, having delegated its authority to appoint part-paid *454 firefighters, the City is now estopped from denying the validity of that delegation of authority.
As a part-paid firefighter, Link has contributed to the Firefighters’ Unified Retirement System (FURS) since 1981. The legislative history of § 7-33-4107, MCA, shows that concern about the retirement and disability system was a key reason for setting a maximum age for original appointment as a firefighter. Because part-paid firefighters participate in FURS, it is reasonable to conclude that the legislature intended the maximum age provision to apply to part-paid firefighters as well as full-time firefighters.
This Court gives deference to interpretations of the Montana Human Rights Commission concerning the laws which it enforces. Harrison v. Chance (1990), 244 Mont. 215, 220, 797 P.2d 200, 203. The Commission has interpreted “original appointment” under § 7-33-4107, MCA, to include appointment as a “part-time volunteer firefighter.” Elliott v. City of Helena (1989), Montana Human Rights Commission Cause No. 8701003108.
A 1991 opinion of the Montana Attorney General further supports the conclusion that appointment as a part-paid firefighter may constitute an “original appointment” under § 7-33-4107, MCA. The Attorney General, at 44 Op. Att’y Gen. No. 8, pointed out that the limitation on age at the time of original appointment in § 7-33-4107, MCA, is preceded by the following language:
The state of Montana determines that age is a valid, bona fide occupational qualification for the position of firefighter because of the rigorous physical demands of the firefighting profession and the expectation of many years of emergency service.
This provision clearly refers to the right under § 49-1-102, MCA, to be free from discrimination based on age, as part of the Montana Human Rights Act. The Attorney General farther pointed out that the Ninth Circuit Court of Appeals has noted the inherent contradiction in a policy that establishes a maximum hiring age but makes no provision for hiring persons over that age with extensive similar experience. See E.E.O.C. v. County of Los Angeles (9th Cir. 1983), 706 F.2d 1039, 1043, cert. denied, 464 U.S. 1073. A statute should be interpreted to give a lawful result if possible. Grossman v. State Dept. of Natural Resources (1984), 209 Mont. 427, 682 P.2d 1319; § 1-3-232, MCA. The interpretation given to § 7-33-4107, MCA, by the District Court results in thé likelihood that the statute would violate laws prohibiting age discrimination.
For all of the above reasons, we hold that Link’s appointment as a *455 part-paid firefighter was his “original appointment” under § 7-33-4107, MCA. Therefore, we reverse the partial summary judgment and remand to the District Court for further proceedings consistent with this Opinion.
JUSTICES HARRISON, HUNT, TRIEWEILER and McDonough concur.