RETIRED JUSTICE McDONOUGH
delivered the Opinion of the Court.
This is an appeal from the decision of the District Court of the First Judicial District, Lewis and Clark County, concluding that § 19-4-711, MCA (1991) (now codified at § 19-20-711, MCA), is unconstitutional to the extent that it employed an unreasonable classification in violation of the equal protection clause of the Montana Constitution, Article II, Section 4. We affirm.
The appellants’ appeal and the respondent’s cross appeal raise the following issues:
1. Did the District Court err when it applied the rational basis test rather than the middle-tier analysis to determine whether the age classification in § 19-4-711, MCA (1991), violates equal protection guarantees of the Montana Constitution?
2. Did the District Court err when it concluded that the age classification in § 19-4-711, MCA(1991), violates Article II, Section 4, of the Montana Constitution by denying respondent equal protection of the laws?
3. Did the District Court err when it concluded that the age distinction in § 19-4-711, MCA (1991), does not violate the Montana Human Rights Act?
In 1989 the legislature passed Chapter 115 Session Laws of 1989 which, for its purpose, provided for a post-retirement adjustment *272 increase in the pensions of the beneficiaries of the Teachers’ Retirement System. The law provided that to be eligible for the adjustment, retirees or their beneficiaries must be 55 years of age or older; or, irrespective of age, all those receiving disability or survivorship benefits.
The respondent’s benefit was derived from her mother, who was a member of the Teachers’ Retirement System, and who had reached retirement age and retired. The mother selected the retirement option that would permit benefits to be paid to her for her lifetime and upon her death continue through the life of her beneficiary (respondent). The mother died shortly after her retirement and the respondent began receiving the benefits. The respondent is 31 years of age.
The respondent has been classified as a beneficiary due to the fact that her mother had retired and was a beneficiary at time of her death, and respondent succeeded to the benefits. Being under 55 years of age she did not receive the adjustment. However, if her mother had continued to work and died while working the respondent would be considered a survivor and would receive the adjustment even though she was 31 years of age. Her request for the post-retirement adjustment was denied and she brought this action.
The respondent contends that the statute violates Article II, Section 4 of the Montana Constitution in that it denies her the equal protection of the laws.
No facts are in dispute. Our scope of review will be as to determine whether the District Court’s interpretation of the law is correct. Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-475, 803 P.2d 601, 603.
We will discuss the first two issues together. Different tests of scrutiny are applied to such statute relative to the contentions of the respondent.
This statute, under the equal protection question, does not come under the strict scrutiny test because strict scrutiny of a legislative classification is required only when the classification impermissibly interferes with the exercise of a fundamental right or operates to a peculiar disadvantage of a suspect class. Here the respondent is not a member of a suspect class nor is a fundamental right involved.
In her cross appeal the respondent urges us to adopt the middle-level scrutiny test. The test is applied when the middle level of review is used and is as follows: The means chosen by the legisla *273 ture (classification) must serve important governmental objectives and must be substantially related to the achievement of those objectives. The middle-level scrutiny test has been recently applied by the U.S. Supreme Court in discussing cases involving such things as gender, alienage and illegitimacy, but the court has specifically refused to invoke it involving age and has applied the rational test thereto. Gregory v. Ashcroft (1991), 501 U.S._, 111 S.Ct. 2395, 115 L.Ed.2d 410; Massachusetts Bd. of Retirement v. Murgia (1976), 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520.
This Court applied the middle tier scrutiny test in Butte Communion Union v. Lewis (1986), 219 Mont. 426, 712 P.2d 1309, in which we said in developing a middle tier test, as follows:
We proceed to develop our own middle-tier test for determining whether HB 843 violates the Montana Constitution. We do so because although a right to welfare is not contained in our Declaration of Rights, it is sufficiently important that art. XII, sec. 3(3) directs the Legislature to provide necessary assistance to the misfortunate. A benefit lodged in our State Constitution is an interest whose abridgment requires something more than a rational relationship to a governmental objective.
Butte Community Union, 712 P.2d at 1313. The Court in that opinion also stated:
However, because the Constitutional Convention delegates deemed welfare to be sufficiently important to warrant reference in the Constitution, we hold that a classification which abridges welfare benefits is subject to a heightened scrutiny under an equal protection analysis and that HB 843 must fall under such scrutiny.
Butte Community Union, 712 P.2d at 1311.
The application of the middle tier scrutiny test in the above case was based on a benefit directed in our Constitution. Here there is no such constitutional direction. We have previously declined to apply the middle tier scrutiny test to an “age plus” classification, absent a constitutionally based benefit. See Matter of Wood (1989), 236 Mont. 118, 127, 768 P.2d 1370, 1376. We also decline to apply it here.
The District Court applied the lowest level of scrutiny, the rational basis test, which determines whether the classification is rationally related to furthering a legitimate state purpose. The trial court found the classification here did not rationally relate to furthering a legitimate state purpose.
The District Court basically found in applying the rational basis test that there was not any reason which was rationally related *274 to the legitimate state purpose to grant a post-retirement adjustment to those who are receiving disability or survivorship allowances and who are under 55 years of age and to deny such adjustment to people in the plaintiff’s position under age 55.
We will also apply the rational basis test.
To a certain extent, nearly all legislation classifies or sets forth classifications of applicability, benefits and recipients. If some of these classifications are imperfect they do not necessarily violate the equal protection clauses.
We note that every possible presumption must be indulged in favor of the constitutionality of the statute. See State v. Safeway Stores (1938), 106 Mont. 182, 199, 76 P.2d 81, 84.
The purpose of this law is to grant to the Retirement System beneficiaries, retirees’ survivors, and disabled, an amount to alleviate the eroding effect of inflation on their pension. Both the survivor of an employee and the beneficiary of an employee who has retired, are subject to the effect of inflation. But the classification as to who is to receive the post-retirement adjustment does not include the respondent who is the beneficiary of a former employee who had retired. As a result, this legislation is “under inclusive.” This differentiation does not create a reasonable classification between such ultimate adult survivor and adult beneficiary. They are both similarly situated with respect to the purpose of this law.
The respondent states that there is no possible purpose which can be conceived to justify such a classification considering the overall purpose of the legislation of post-retirement adjustment to compensate for inflation. The respondent contends no distinction should be made between a beneficiary of a retired employee and the beneficiary of an employee who died while working when the beneficiaries are both under the age of 55. We agree.
We are unable to find any rational relationship to the purpose of the legislation for the establishment of such a classification. It is wholly arbitrary and an example of the legislature picking and choosing who will receive benefits. Such a classification must distinguish one class from another taking into consideration the purpose of the statute. See Peter Kewitt Sons’ Co. v. State Board of Equalization (1973), 161 Mont. 140, 147, 505 P.2d 102, 106-07 (quoting State v. State Board of Equalization (1965), 145 Mont. 380, 403 P.2d 635).
The granting of a post-retirement adjustment does not come within the approach of considering whether the enactment is experimental or piecemeal, and therefore applying the legislation to one *275 phase of the problem and not affecting others. See Eastman v. Atlantic Richfield Co. (1989), 237 Mont. 332, 339, 777 P.2d 862, 866. As we stated above, the legislature cannot arbitrarily pick and choose. The appellant has made such an argument on a money saving basis, but even if the governmental purpose is to save money, it cannot be done on a wholly arbitrary basis. The classification must have some rational relationship to the purpose of the legislation. There is nothing in the record or by conjecture which would justify the differentiation here.
The appellant makes a distinction between the class of service retirees and their beneficiaries and the class of disability and survivorship beneficiaries in that the class of service retirees is based on voluntariness and the class of disability and survivorship beneficiaries is not. That may be true on the basis of the retirees or the disabled, but it is not true as applied to the adult beneficiaries of an employee, a retired employee, or a disabled employee. In addition, there is no record as to what is voluntary and what is not voluntary.
There is no reasonable basis to the classification which permits an adult beneficiary of a disabled or deceased member to receive the adjustment regardless of age, and deny the adult beneficiary of a deceased service retiree who retired under voluntary or involuntary circumstances the adjustment because the beneficiary is under 55 years of age. The constitutional defect of the statute as applied to respondent is revealed when it is reviewed in light of its practical application. See State v. Jack (1975), 167 Mont. 456, 462, 539 P.2d 726,729. We conclude that its application to this respondent whereby the classification excludes her from receiving the post-retirement adjustment, is unconstitutional and in violation of Article II, Section 4 of the Montana Constitution. We affirm the District Court on the first two issues. Because of our holdings on the first two issues, there is no need to decide the third issue of whether the age distinction violates the Montana Human Rights Act. Affirmed.
CHIEF JUSTICE TURNAGE, JUSTICES HARRISON, GRAY and WEBER concur.