
DA 08-0457

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 263

STEVEN JAKSHA,

      Plaintiff, Appellant and Cross-Appellee,

  v.

BUTTE-SILVER BOW COUNTY,

      Defendant, Appellee and Cross-Appellant.

APPEAL FROM:    District Court of the Second Judicial District,
In and For the County of Silver Bow, Cause No. DV 2006-010
Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Frederick F. Sherwood, Reynolds, Motl & Sherwood, Helena, Montana

      For Appellee:

          Thomas M. Welsch, Cindy L. Walker, Poore, Roth & Robinson, P.C., Butte, Montana

                Submitted on Briefs:  July 8, 2009

                          Decided:  August 11, 2009

Filed:

          _____
                       Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Steven Jaksha (Jaksha) appeals from a jury verdict and posttrial rulings in the Second Judicial District Court. Jaksha filed a complaint alleging he had been unlawfully denied employment as a probationary, entry-level firefighter by Butte-Silver Bow County (County) because of his age. The jury found in favor of the County on Jaksha's claims. In posttrial motions, Jaksha challenged the constitutionality of § 7-33-4107, MCA, which disqualifies an individual from receiving an original appointment as a firefighter if he is more than 34 years of age at the time, and upon which the County relied in denying Jaksha employment as a firefighter. The District Court denied Jaksha's challenge to the constitutionality of § 7-33-4107, MCA. We reverse, and hold that § 7-33-4107, MCA, is unconstitutional. For the reasons set forth below, however, we do not reinstate Jaksha's claims against the County or otherwise order a new trial.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2 Jaksha was born in Butte, Montana, in 1970, and has lived there almost all of his life. Beginning in 2000, and every year through 2004, Jaksha applied to be a firefighter for the County. Part of the application process includes taking a standardized written and physical exam offered by the Montana Firefighters' Testing Consortium (Consortium), a group of firefighting departments within the state of Montana. After the June 2004 testing and interviews held by the County in October 2004, an individual named Curtis Kindt was ranked number one in the County's firefighting hiring list, while Jaksha and an individual named Ryan McCarthy were both considered "equally qualified" and thus tied for the second spot.

2

¶3 On January 31, 2005, the County's Chief Executive Paul Babb (Babb) sent a letter to the County's Council of Commissioners asking them to concur in his conditional appointments of Jaksha, Kindt and McCarthy to the fire department. The Commissioners approved the three men on a hiring list, and decided to hold their names in abeyance until positions became available. The first opening in the fire department became available in early May 2005 and Babb appointed Kindt to the position. The next County firefighting position became available in June 2005. At the time, Jaksha was 35 years old, while McCarthy was under 34.

¶4 Section 7-33-4107, MCA, reads as follows:

> **7-33-4107. Qualifications of firefighters.** The state of Montana determines that age is a valid, bona fide occupational qualification for the position of firefighter because of the rigorous physical demands of the firefighting profession and the expectation of many years of emergency service. The qualifications of firefighters shall be that they:
> (1) shall not be more than 34 years of age at the time of original appointment;
> (2) shall have passed a physical examination by a practicing physician duly authorized to practice in this state; and
> (3) at the option of said city or town, shall be qualified voters of the city or town.

Although Babb considered Jaksha and McCarthy to be "equally qualified," after consulting with the County Attorney, he concluded that Jaksha would be ineligible for the position under this statute due to his age. McCarthy was given the position.

¶5 On January 17, 2006, Jaksha filed an age discrimination claim against the County, seeking affirmative relief, back pay, and a declaration that § 7-33-4107, MCA, was unconstitutional. Prior to trial, Jaksha moved for summary judgment on his claim. The District Court, Judge John W. Whelan presiding, denied the motion, holding that there

3

were genuine issues of material fact making summary judgment improper. Although neither party requested a jury trial, Judge Whelan subsequently ordered a jury trial sua sponte.

¶6    The pretrial order listed several issues of fact to be decided at trial. One was whether Jaksha was considered qualified for employment after April 15, 2005, the date upon which he turned 35. Also, the jury was to decide whether the County discriminated against Jaksha based on his age and whether Jaksha was entitled to any damages or other remedies. The jury was not asked to decide whether the 34-year-old age limitation on hiring firefighters was based upon a bona fide occupational qualification (BFOQ) due to the rigors of the tasks inherent in being a firefighter. *See e.g. Link v. City of Lewistown*, 253 Mont. 451, 454, 833 P.2d 1070, 1072 (1992) (discussing § 7-33-4107, MCA). Additionally, the pretrial order stated that after the jury's decision, final judgment would await the District Court's ruling on any equitable aspects of Jaksha's case, and on any declaratory judgment or constitutional issues if necessary.

¶7    A jury trial was held in mid-December 2006. The jury heard from a number of witnesses and received numerous exhibits. The jury ultimately returned a verdict in favor of the County, finding that it did not unlawfully deny Jaksha employment as a firefighter based on his age. At the end of 2006, Judge Whelan retired from the bench and Judge Kurt Krueger assumed jurisdiction over the case.

¶8    After trial Jaksha renewed his challenge to the constitutionality of § 7-33-4107, MCA, which the District Court denied. In his written order, Judge Krueger noted that the final pretrial order did not state that whether the age limitation in the statute was a

4

legitimate BFOQ was an issue of fact to be determined at trial. Judge Krueger, citing to federal age discrimination cases, observed that the determination of a BFOQ is a "fact-intensive inquiry" which should preferably be made by a jury. The District Court then went on to state:

> Had Jaksha listed the issue as a question of fact and submitted it to the jury, he would have had either a favorable finding on the question, on the basis of which this Court could declare § 7-33-4107, MCA, to be unconstitutional, or he would have had an unfavorable finding which he could challenge on appeal. However, Jaksha waived those opportunities by failing to present the issue to the jury. This Court is in no position to make the factual determination on BFOQ at this point, and could not do so in any event without denying [the County] its constitutional right to a jury trial on the issue.
>
> Plaintiff Jaksha's argument that a jury could not determine the constitutionality of § 7-33-4107's age limitation is technically correct, but the constitutionality argument turns on the question whether the age limitation is a BFOQ, which is a fact question. Had that fact question been submitted to the jury and determined in Plaintiff Jaksha's favor, the trial judge could then have declared the statute unconstitutional on the basis of that finding. Plaintiff Jaksha never submitted the BFOQ fact question to the jury. Jaksha's current argument appears to be that this Court, sitting as the finder of fact, can decide fact questions that affect the constitutionality of a statute. This Court is not aware of any authority enabling it to determine questions of fact that should have been determined by the jury at the trial in 2006.

¶9 The District Court then went on to state several reasons why it was rejecting Jaksha's posttrial challenge to the constitutionality of § 7-33-4107, MCA. First, it noted that the jury concluded the County had not illegally discriminated against Jaksha, and that his recourse from that verdict is an appeal, and not a request that the District Court declare the statute unconstitutional. Second, the District Court observed that the federal Age Discrimination in Employment Act (ADEA) allows states and political subdivisions to engage in "age discrimination" based on a policy in place prior to March 3, 1983 so

5

long as it is part of a bona fide hiring plan, and not a subterfuge to evade the purposes of the ADEA. Section 7-33-4107, MCA, was amended to its current form in 1981.

¶10 Finally, the District Court concluded that Jaksha had simply failed to prove that, but for the age limitation in § 7-33-4107, MCA, he would have been given the position as a firefighter. As stated by the District Court:

> Chief Executive Paul Babb considered Plaintiff Jaksha ineligible for the position given to Ryan McCarthy in June 2005 because of the statutory age limitation, but he did not testify that Plaintiff Jaksha would have been given the position had the statutory limitation not existed. That failure of proof is critical because this Court cannot speculate that Plaintiff Jaksha would have been given the position absent the statutory limitation, and accordingly, the Court cannot conclude that the statutory limitation was the actual reason he was not appointed.

¶11 Jaksha now appeals from the jury's verdict, as well as the District Court's posttrial order. Jaksha presents eight issues on appeal, challenging various aspects of the District Court's rulings during and after trial. One issue challenges the constitutionality of § 7-33-4107, MCA, on equal protection grounds, as well a County ordinance based upon this statute. We find this issue dispositive, and do not reach the other issues raised by Jaksha's appeal. The County urges us to affirm the District Court, and also cross-appeals for attorney fees and costs. Because we find § 7-33-4107, MCA, unconstitutional, we deny the County's cross-appeal. Thus, we state the sole issue on appeal as follows:

¶12 *Does § 7-33-4107, MCA, violate the equal protection clause of the Montana Constitution?*

## STANDARD OF REVIEW

6

¶13 We review a district court's conclusions of law for correctness, and its findings of fact under the clearly erroneous standard. *LeFeber v. Johnson*, 2009 MT 188, ¶¶ 18-19, 351 Mont. 75, 209 P.3d 254. We exercise plenary review over questions of constitutional law. *City of Billings v. Albert*, 2009 MT 63, ¶ 11, 349 Mont. 400, 203 P.3d 828. The constitutionality of a statute is a question of law. *Albert*, ¶ 11. Statutes enjoy a presumption of constitutionality, and the person challenging a statute's constitutionality bears the burden of proving it unconstitutional. *Albert*, ¶ 11.

**DISCUSSION**

¶14 The District Court did not rule on the constitutionality of § 7-33-4107, MCA, based on its conclusion that Jaksha's challenge to the statute was not properly before it. Early in the proceedings Jaksha challenged the constitutionality of this statute. Judge Whelan denied Jaksha's summary judgment motion on this issue, and the pretrial order stated that any constitutional issues would be resolved posttrial if necessary. The premise of Judge Krueger's later refusal to address this issue was that the constitutionality of the statute could not be addressed unless and until the question of whether the age restriction was a BFOQ had been decided by a trier of fact.

¶15 As an initial matter, we disagree with the District Court's conclusion that the jury had to determine whether the age restriction was a BFOQ before the court itself could address the constitutionality of § 7-33-4107, MCA. When the Legislature passed this statute, it stated its rationale, and any factual determinations in support thereof, in the legislative record. The jury had no authority to subsequently declare the premise for this statute either right or wrong. Unless and until a party challenges the constitutionality of a

7

statute, the grounds relied upon by the Legislature for enacting a statute are not assailable by a trier of fact. It is only under the lens of a constitutional challenge that a court is at liberty to look behind the law to determine whether a legislative determination has a rational basis or effectuates a compelling state interest, whatever the level of scrutiny may be. *See e.g. Armstrong v. State*, 1999 MT 261, ¶¶ 62-66, 296 Mont. 361, 989 P.2d 364. And, once a constitutional challenge is before a court, that determination is ultimately a question of law. *Albert*, ¶ 11; *State v. Samples*, 2008 MT 416, ¶ 14, 347 Mont. 292, 198 P.3d 803; *State v. Egdorf*, 2003 MT 264, ¶ 12, 317 Mont. 436, 77 P.3d 517. On this basis, we conclude the District court erred by deferring the constitutional inquiry until the jury determined whether the age restriction was a BFOQ, and by subsequently refusing to consider the constitutional challenge to § 7-33-4107, MCA. We now turn to the latter issue.

¶16 Jaksha's constitutional challenge to § 7-33-4107, MCA, is based on equal protection grounds. Montana's equal protection clause is found in Article II, Section 4 of the Montana Constitution and states that "[n]o person shall be denied the equal protection of the laws." The first step in an equal protection analysis is to "identify the classes involved, and determine if they are similarly situated." *Reesor v. Mont. State Fund*, 2004 MT 370, ¶ 10, 325 Mont. 1, 103 P.3d 1019 (citing *Geil v. Missoula Irr. Dist.*, 2002 MT 269, ¶ 35, 312 Mont. 320, 59 P.3d 398). For purposes of Jaksha's appeal, the two classes are: (1) individuals under the age of 34 who have taken and passed the Consortium's physical and written tests, and are eligible to receive an original appointment as a firefighter; and (2) individuals who have met the Consortium's requirements and are

8

eligible to receive an original appointment as a firefighter, but are over the age of 34 at that time.

¶17 Having identified the classes, the second step in an equal protection analysis is to identify the level of scrutiny to apply to the challenged legislation. In *Reesor*, we set forth the levels of scrutiny as follows:

> When reviewing equal protection challenges, we apply one of three recognized levels of scrutiny: strict scrutiny, middle-tier scrutiny, or rationality review. *Powell v. State Compensation Ins. Fund,* 2000 MT 321, ¶¶ 17-19, 302 Mont. 518, ¶¶ 17-19, 15 P.3d 877, ¶¶ 17-19. This Court applies strict scrutiny, the most stringent level of review, when a law affects a suspect class or threatens a fundamental right. Under this standard, the State has the burden of showing the law is narrowly tailored to serve a compelling government interest. *Powell,* ¶ 17. We apply middle-tier scrutiny when the law affects a right conferred by the Montana Constitution, but is not found in the Constitution's Declaration of Rights. *Powell,* ¶ 18. Middle-tier scrutiny requires the State to demonstrate the law in question is reasonable and its interest in the resulting classification outweighs the value of the right to an individual. *Powell,* ¶ 18. We apply the rational basis test when neither strict nor middle-tier scrutiny applies. Under this standard, the government must illustrate that the objective of the statute is legitimate and such objective is rationally related to the classification used by the Legislature. *Powell,* ¶ 19.

*Reesor*, ¶ 13.

¶18 Jaksha argues for either strict scrutiny or, at a minimum, middle-tier scrutiny, under *Butte Community Union v. Lewis*, 219 Mont. 426, 712 P.2d 1309 (1986), *superseded on other grounds as recognized in Zempel v. Uninsured Employers' Fund*, 282 Mont. 424, 938 P.2d 658 (1997), and *Wadsworth v. State*, 275 Mont. 287, 911 P.2d 1165 (1996). Jaksha argues that the age limitation in § 7-33-4107, MCA, denies him his fundamental right and opportunity for employment under the Montana Constitution. In *Lewis*, the Court applied middle-tier scrutiny to an age-based discrimination claim

9

involving an entitlement to welfare benefits under the Montana Constitution. *Lewis*, 219 Mont. at 434, 712 P.2d at 1314. In *Arneson v. State*, 262 Mont. 269, 864 P.2d 1245 (1993), we referred to this as the "age plus" standard, meaning that age plus a "constitutionally based benefit" are involved. *Arneson*, 262 Mont. at 272-73, 864 P.2d at 1247-48.

¶19 We decline to apply strict scrutiny or middle-tier scrutiny under the facts of this case. Applying the "age plus" standard set forth in *Arneson* would require us to conclude that both age and a constitutionally-based benefit are at issue. It is evident that § 7-33-4107, MCA, was considered and applied to preclude Jaksha from being considered for a firefighter position. However, Jaksha did not prove that, but for his age, he would have been given the firefighter position over the other individual with whom he was tied for consideration. This being so, we cannot conclude that he has established a fundamental right to this particular job. Therefore, we conclude that rational basis review is appropriate.

¶20 Section 7-33-4107, MCA, discriminates between two similarly classes on the basis of age. Such discriminatory classifications are typically reviewed under the rational basis test. *Arneson*, 262 Mont. at 272-73, 864 P.2d at 1247-48; *Gregory v. Ashcroft*, 501 U.S. 452, 111 S. Ct. 2395 (1991); *see also State v. Strong*, 2009 MT 65, ¶ 18, 349 Mont. 417, 203 P.3d 848. We will apply rational basis review to Jaksha's equal protection claim.

¶21 In order to survive rational basis review, the State must show that the objective of § 7-33-4107, MCA, is legitimate and rationally related to the classification used by the

Legislature.[1]  *Reesor*, ¶ 13.  The County argues that the objective of the age limitation is to protect the safety of firefighters and the public.  The County asserts that the maximum hiring age prolongs the productive life of a firefighter and enables him to work more safely and efficiently as his physical capabilities decline with age, and that the age limitation is therefore rationally related to a legitimate government interest.  The County notes that these objectives are reflected in the legislative history of § 7-33-4107, MCA.  Furthermore, the County observes that the minutes from the legislative committee considering the bill reflect the testimony of an individual that it takes four to five years for a firefighter to be able to work by himself, and that even with the age limitation an individual will not reach a fully-prepared level until he or she is approximately 40 years old.

¶22    In response, Jaksha notes that in 1985 the Legislature repealed the mandatory retirement age for firefighters, thus belying the notion that the age limitation is necessary to protect public safety or firefighters.  Jaksha also notes that the legislative history of § 7-33-4107, MCA, was not supported by any empirical studies or other facts to justify the age limitation.  Additionally, Jaksha points out that evidence at trial established that firefighters in their 50's can perform their duties well, thus undermining further the argument for an age limitation starting at 34.

¶23    First, we agree with the County that protecting the safety of firefighters and the public is a legitimate governmental objective.  The question is whether placing an age

---

[1]  The State has declined to intervene in this case and defend the constitutionality of § 7-33-4107, MCA.

11

limitation of 34 years is rationally related to achieving that objective. We conclude that it is not.

¶24 As we stated in *Timm v. Dept. of Pub. Health and Human Ser.*, 2008 MT 126, 343 Mont. 11, 184 P.3d 994, " '[a] classification that is patently arbitrary and bears no rational relationship to a legitimate governmental interest offends equal protection of the laws.' " *Timm*, ¶ 34 (quoting *Davis v. Union Pacific Ry. Co.*, 282 Mont. 233, 242-43, 937 P.2d 27, 32 (1997)). Without any factual or empirical basis for drawing a cut-off point at 34 years of age, the limitation in § 7-33-4107, MCA, is wholly arbitrary. The fact that firefighters in their 50's can perform their functions competently demonstrates that this age limitation is without any rational basis, and is not rationally related to the statute's objective. While the working life of a firefighter who begins work at age 35 or later may be shorter than that of an individual who begins at an earlier age, this does not in any way imply or demonstrate that public or firefighter safety would be compromised. Provided an individual satisfies the Consortium's written and physical tests, and successfully completes the interview process, the 34 year-old age limitation bears no rational relation to the purported objective of § 7-33-4107, MCA. Accordingly, we hold § 7-33-4107, MCA, is unconstitutional.

¶25 Having concluded that the statute is unconstitutional, the Court must now consider the appropriate remedy for Jaksha. Under § 2-9-103, MCA, the County cannot be held civilly liable for relying in good faith, without malice or corruption, upon a law or rule which is subsequently declared invalid on constitutional grounds. Although Jaksha has prevailed in showing that § 7-33-4107, MCA, is unconstitutional, he has failed to

demonstrate or allege that the County acted with malice or corruption when it did not hire him as a firefighter. Rather, Jaksha has simply shown that the County relied upon § 7-33-4107, MCA, in making a final decision to choose McCarthy over him. Thus, an award of damages or back pay against the County in this case is precluded by the operation of § 2-9-103, MCA.

¶26 As stated by the County, the results of the Consortium's firefighter's test are valid for one year. Since Jaksha understandably did not undergo testing again after he was denied employment with the County, his test results expired in June of 2005. At that point, he was out of the applicant pool. When a County firefighter position opened up in August of 2006, Jaksha was no longer eligible to receive an appointment. Unfortunately, this factual scenario precludes the Court from granting Jaksha any affirmative equitable relief, such as ordering that Jaksha be reinstated to the front of the line or be deemed eligible for the next available firefighter position. Nonetheless, Jaksha may certainly re-apply for a firefighter position with the County if he chooses.

## CONCLUSION

¶27 We declare that § 7-33-4107, MCA, violates the equal protection clause of the Montana Constitution and is therefore unconstitutional. We vacate the jury's verdict, since that verdict was premised upon the constitutional validity of § 7-33-4107, MCA. Further, we conclude that Jaksha's claims for damages and back pay are barred under § 2-9-103, MCA, since the County relied upon § 7-33-4107, MCA, in good faith, and Jaksha has failed to allege or prove that the County acted with malice or corruption. Finally, we deny the County's cross-appeal for attorney fees and costs. Reversed.

13

/S/ PATRICIA O. COTTER

We concur:

/S/ MIKE McGRATH
/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ JIM RICE