Justice Laurie McKinnon, concurring in part and dissenting in part.
¶40 I concur with the Court's resolution of Issues 2 and 3. I dissent from the Court's failure to definitively resolve the as-applied constitutional challenge Property Owners raise against § 70-30-306, MCA.[1] The issue is center and forefront in this appeal and Property Owners provided a factual foundation sufficient to address the limited nature of their claimed error. I would affirm the District Court's orders ***438 in their entirety and conclude that § 70-30-306, MCA, as it pertains to Property Owners' claim, is constitutional.
¶41 Property Owners claim a constitutional and fundamental right to "necessary expenses of litigation," which entitles them to full reimbursement of attorney fees at rates higher than the customary county rate. More specifically, Property Owners assert it was necessary for them to "match" the City's retention of out-of-state counsel with their own out-of-state counsel and, accordingly, Property Owners seek from the City, the condemnor, payment for that choice. Thus, the question presented is whether the caps contained in § 70-30-306, MCA, are unconstitutional as applied to these facts and Property Owners' claim because they limit Property Owners' choice and preference of counsel to the extent counsel is reimbursed only at the customary county rate.
¶42 In my opinion, we should resolve the constitutional challenge. It is unnecessary to remand to allow "limited discovery" of the City's attorney fees, which clearly exceed the customary county rate, unless we determine that the choice and preference of counsel, to the extent not fully reimbursed, renders § 70-30-306, MCA, unconstitutional. Clearly the condemnor is free to employ counsel at rates above those customarily charged in the county; the condemnor is not seeking reimbursement nor entitled to its litigation expenses. Additionally, Property Owners already established factually that *697 they retained out-of-state counsel at rates higher than the customary county rate. Thus, whether both parties sought out-of-state counsel that charge higher rates than those charged in the county does not inform the as-applied challenge here. Property Owners have not claimed they were unable to secure competent local counsel or that, other than their choice and preference, retention of out-of-state counsel was necessary for some other reason. Moreover, Property Owners are not entitled to assert a new basis for what was "necessary" after they conduct "limited discovery." The District Court essentially concluded that "choice and preference" do not amount to "necessary." Although the amount of money in dispute is large and the underlying fundamental principles and doctrine significant, when Property Owners' claim is closely considered, our inquiry thankfully is guided by basic, well-established constitutional analysis. After applying the appropriate constitutional analysis to Property Owners' claim, the dust settles and the constitutionality of § 70-30-306, MCA, under these facts is apparent.
¶43 To begin, I am not convinced that "necessary," as contained in ***439 Article II, Section 29 is self-executing.[2] Opinion, ¶ 12. Article II, Section 29 does not provide a means to measure or assess what "necessary expenses of litigation" are, so the Legislature enacted § 70-30-306(2) and (3), MCA. The Legislature has a long history of enacting and amending statutes to further Article II, Section 29's purpose. These enactments include a definition of public uses for which private property may be taken, §§ 70-30-102, -103, and -104, MCA ; establishing the date of valuation, § 70-30-302, MCA ; establishing fair market value, § 70-30-302, MCA ; providing statutory interest, § 70-30-302, MCA ; defining a prevailing party, § 70-30-305(2), MCA ; and defining reasonable and necessary attorney fees and expenses, § 70-30-306, MCA. Further, this Court specifically recognized that a condemnee's constitutional rights "are protected by statutes providing the procedures for eminent domain and by the constitutional provision for just compensation." City of Bozeman v. Vaniman , 264 Mont. 76, 79, 869 P.2d 790, 792 (1994). In my opinion, Article II, Section 29 does not provide a method for assessing or measuring what "necessary expenses of litigation" are and the Legislature was therefore free to enact § 70-30-306(2) and (3), MCA, in order to implement Article II, Section 29. Nonetheless, even when a right is self-executing, the Legislature is free to enact legislation for the better protection of the right secured, to further the purposes of the right, or to enforce the provision. Opinion, ¶ 13 (quoting Gen. Agric. Corp. , 166 Mont. at 514, 534 P.2d at 862 ).
¶44 The first consideration in addressing a constitutional challenge to a statute is to establish the appropriate basis for review. If a statute regulates a fundamental right or involves a suspect class, its constitutionality is subject to strict scrutiny review. Jaksha v. Butte-Silver Bow Cnty. , 2009 MT 263, ¶ 17, 352 Mont. 46, 214 P.3d 1248 (quoting Reesor v. Mont. State Fund , 2004 MT 370, ¶ 13, 325 Mont. 1, 103 P.3d 1019 ). We apply intermediate scrutiny if "the law affects a right conferred by the Montana Constitution, but is not found in the Constitution's Declaration of Rights." Jaksha , ¶ 17 (quoting Reesor , ¶ 13 ). If a statute does not regulate a fundamental right and is not subject to intermediate scrutiny, we apply rational basis review. Jaksha , ¶ 17 (quoting Reesor , ¶ 13 ).
¶45 When determining whether a statute implicates a fundamental ***440 right, the question is whether the claimed right is fundamental. Mont. Cannabis Indus. Ass'n v. State , 2012 MT 201, ¶¶ 20-21, 24, 32, 366 Mont. 224, 286 P.3d 1161 ( Mont. Cannabis Indus. Ass'n 2012 ). Thus, in Montana Cannabis Industry Association 2012 , we held that while individuals had a fundamental right to health care, their claimed right to a particular drug was not fundamental. Mont. Cannabis Indus. Ass'n 2012 , ¶ 24. In Wiser v. State , 2006 MT 20, ¶¶ 24-25, 331 Mont. 28, 129 P.3d 133, we held that while denturists had a fundamental right to pursue employment, their claimed right to pursue unregulated employment was not fundamental. Here, Property Owners' *698 claimed right to "necessary expenses of litigation" is conditioned upon several occurrences: there must be litigation; the condemnee must prevail; and the condemnee incurred necessary costs. Here, I would conclude that while condemnees have a fundamental right to just compensation, that right does not create a fundamental right to a particular measure of "necessary expenses of litigation." Nor does allowing "necessary expenses of litigation" create a right to have a court consider jurisprudential " Forrester factors" when the provisions of § 70-30-306(2) and (3), MCA, provide otherwise and establish the specific measure to be applied. Until a challenge is made that establishes the constitutional invalidity of § 70-30-306, MCA, jurisprudential factors should not be considered. See American Bank I , ¶¶ 16, 19.
¶46 Accordingly, because § 70-30-306(2) and (3), MCA, do not implicate a fundamental right, we apply rational basis review and the statute must be rationally related to a legitimate government interest.[3] Importantly, here, rational basis review requires Property Owners to bear the burden of demonstrating beyond a reasonable doubt that § 70-30-306, MCA, is not related to a legitimate government interest. Goble v. Mont. State Fund , 2014 MT 99, ¶ 15, 374 Mont. 453, 325 P.3d 1211. In assessing whether a legitimate government purpose or interest exists, the Court's "role is not to second guess the prudence of a legislative decision." Satterlee v. Lumberman's Mut. Cas. Co. , 2009 MT 368, ¶ 34, 353 Mont. 265, 222 P.3d 566. "The purpose of the legislation does not have to appear on the face of the legislation or in the legislative history, but may be any possible purpose of which the court can conceive." Stratemeyer v. Lincoln Cnty. , 259 Mont. 147, 152, 855 P.2d 506, 509-10 (1993).
***441 ¶47 The District Court found that Property Owners did "not address the rational basis test," which left the District Court to "conclude that [they] have not carried their burden of showing the challenged statute is unconstitutional under the proper standard of review." On appeal, Property Owners likewise fail to develop a rational basis argument and choose instead to rely upon strict scrutiny and their claim that there is a fundamental right to "necessary expenses of litigation." Thus, our inquiry could end because a specific measurement for "necessary expenses of litigation" is not a fundamental right invoking strict scrutiny review and Property Owners failed to meet their burden of proof under rational basis review. Nonetheless, a brief discussion of the eminent domain doctrine and its relationship to the government's interest in ensuring community welfare is helpful.
¶48 This Court recognized long ago that the power of eminent domain is rooted in the community's welfare, which is, unquestionably, a legitimate government interest. We explained:
[T]he state has an inherent political right, pertaining to sovereignty and founded on what has been expressed to be a "common necessity and interest," to appropriate the property of individuals to great necessities of the whole community where suitable provision is made for compensation.... The public welfare is therefore the particular base upon which must be laid the correct application of the doctrine itself.
Butte, Anaconda & P. Ry. v. Mont. Union Ry. , 16 Mont. 504, 536-37, 41 P. 232, 243 (1895). Without further elaboration, I would conclude the statute is rationally related to the legitimate government purpose of ensuring that the public, in this case the community of Missoula, should not be forced to shoulder litigation expenses at rates higher than the customary county rate based solely on Property Owners preference to secure out-of-state counsel. Both Property Owners and the community responsible for paying Property Owners' litigation expenses are located in Missoula. Property Owners represented to the District Court that it was necessary to hire out-of-state counsel because the City hired out-of-state counsel. Property Owners' choice to "match" the City's retention of out-of-state counsel does not, by itself, render § 70-30-306, MCA, unconstitutional or otherwise *699 conflict with the requirements of Article II, Section 29 ; that is, that they receive "just" compensation, including their "necessary" litigation costs. Here, one conceivable purpose of § 70-30-306, MCA, is to ensure that the public is not forced to pay exorbitant litigation costs for property that the District Court determines is necessary for the community to own. The Court's role "is not to second guess the prudence of a legislative ***442 decision," but to conceive of a purpose that supports the legislation. Satterlee , ¶ 34.
¶49 I disagree with the Court's decision to prolong these proceedings; with its failure to address and reject Property Owners' as-applied constitutional challenge; with its decision to remand for further discovery and to apply jurisprudential factors (which we specifically rejected in American Bank I ); and with its failure to conduct an appropriate constitutional review in order to finally resolve this matter. Property Owners have never asserted, for example, that there is an absence of attorneys in Montana who are capable of handling condemnation proceedings; that the forum county is rural with inexperienced counsel and significantly reduced rates; or any other inability to obtain competent counsel at Missoula County's customary county rate. Property Owners assert only their claimed right to "match" the City's out-of-state counsel. While an as-applied challenge may not be precluded under different circumstances and claims, here, Property Owners failed to meet their burden of demonstrating § 70-30-306(2) and (3), MCA, is not rationally related to a legitimate government purpose.
¶50 I dissent from the Court's resolution of Issue One.
Chief Justice Mike McGrath and Justice Beth Baker join in the dissenting Opinion of Justice McKinnon.
MIKE McGRATH, J.
BETH BAKER, J.

I agree with the Court's analysis, Opinion, ¶ 22, and that the statute survives a facial constitutional challenge.

It is clear that "necessary" qualifies "expenses of litigation," such that a condemnee is not automatically entitled to payment of any and all litigation expenses actually incurred.

Neither Property Owners nor the City argue that intermediate scrutiny applies and we therefore do not address whether it applies.